## BYBEE v KINOTE.

If, upon a review of all the testimony, the Supreme Court shall be of opinion that the Circuit court, in refusing to grant a new trial, improperly exercised its discretion, the judgment will be reversed.

Error to Circuit Court of Monroe County.

Van Arsdall for plaintiff insists that, from the testimony preserved in the record of this cause, he should have had a new trial, and further, from the evidence preserved in this cause, it must appear that he is entitled to a new trial, to which he cites, in confirmation thereof, the record from the Court below without further authority.

Napton, Judge.

Bybee sued Kinote before a justice of the peace, where judgment went for the defendant, and upon appeal to the circuit court, judgment having gone again for the defendant, he appeals to this court. The substance of the testimony is preserved in the bill of exceptions, and the only question to this court relates to the proper exercise of the discretion of the Circuit Court in refusing to grant the plaintiff a new trial. All the witnesses on behalf of the plaintiff concur that, about the month of September 1837, Bybee and Kinote were employed together in building a mill, and Bybee, in the presence of the witness, recited a contract which he had made with Kinote for the sale of his interest in the mill, the amount of which was, that Kinote was to pay him one thousand dollars and all expenses, except his own hands and a certain Carlisle who was employed about the work, and that the hands which Bybee had engaged at the mill was himself, two sons, and an old negro man. Joseph Raker, a witness on the part of the defendant, states the contract precisely as the other witnesses, but adds that he understood by the expression of *all the expenses* that it was the expenses accruing about the mill since they had entered into partnership, and was not to include any expenses that had accrued before. The subject matter of the present suit was the cost of some timbers, which had been procured by said Bybee from said Raker previously to the time when Kinote & Bybee had become partners in the erection of the mill. On this evidence, the jury found a ver-

dict for defendant, and the court refused to grant the plaintiff a new trial, excluding the inference of Mr. Raker, which was no testimony. There was nothing before the jury, which could justify them in limiting the responsibility of Kinote to such expenses as had accrued about erecting the mill subsequent to a specified time. All the witnesses, including Raker, concur that there was no such limitation; and the language of the contract proved, taken in its ordinary acceptation, would admit of no such construction, but would embrace all the expenses which had accrued in erecting the mill, except the labor of Bybee and his hands. If Raker had within his knowledge any facts or circumstances, which led him to the conclusion he stated to the jury, he should have been made to state those facts; the jury might then have drawn the same inference which he did. There seems to be nothing in the evidence as preserved in the bill of exceptions to justify the verdict of the jury. Judgment is reversed, and the cause remanded.